STEVEN K. GENTRY, Plaintiff-Appellant, v. THE ILLINOIS MUNICIPAL RETIREMENT FUND, Defendant-Appellee.

Fourth District   No. 4—88—0873

Opinion filed April 28, 1989.

Wendy L. Morthland, of Willoughby & Latshaw, P.C., of Decatur, for appellant.

Kathleen O'Brien, of Illinois Municipal Retirement Fund, of Chicago, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

The issue presented is whether an injured municipal employee receiving permanent disability benefits from the Illinois Municipal Retirement Fund (Retirement Fund) (Ill. Rev. Stat. 1987, ch. 108½, par. 7—101 et seq.) and benefits under the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 et seq.) must reimburse the Retirement Fund for temporary disability benefits received during the period immediately following the injury.

The plaintiff was employed by the City of Decatur and was cov-

ered under the Retirement Fund. On March 21, 1986, while working for the city, plaintiff suffered a myocardial infarction. The Retirement Fund paid plaintiff temporary benefits of $721.06 per month from April 24, 1986, to October 31, 1986. The total amount of temporary benefits from the Retirement Fund was $4,094.60.

On November 1, 1986, the Retirement Fund terminated plaintiff's temporary benefits and awarded him total and permanent disability benefits. On December 2, 1986, plaintiff entered into a settlement contract with the City of Decatur for workers' compensation benefits totaling $37,077.28. On June 16, 1987, the Retirement Fund ordered plaintiff to reimburse the fund the amount of the temporary benefits; this appeal involves only that sum. Plaintiff sought an administrative hearing. On April 22, 1988, the board of trustees of the Retirement Fund (Ill. Rev. Stat. 1987, ch. 108½, par. 7—120) notified plaintiff the board had rejected his appeal. Plaintiff then sought administrative review (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) of the board's decision (Ill. Rev. Stat. 1987, ch. 108½, par. 7—220) by filing a complaint in Macon County circuit court. The circuit court affirmed the decision of the Retirement Fund and dismissed the complaint. Plaintiff appeals.

Section 7—222 of the Illinois Pension Code (Pension Code) states:

> "Whenever any person is entitled to a disability or survivors benefit under this Article and to benefits under the Workers' Compensation Act or the Workers' Occupational Diseases Act in relation to the same injury or disease, the monthly benefits payable under this Article shall be reduced by the amount of any such benefits payable under either of those Acts ***." (Ill. Rev. Stat. 1987, ch. 108½, par. 7—222.)

■ ■ The plaintiff attempts to distinguish between temporary and permanent disability benefits under the Pension Code. Plaintiff asserts the reference in section 7—222 to "any such benefits" is to permanent, not temporary benefits. Thus, plaintiff argues, if he had received temporary workers' compensation benefits, he would have received "such benefits," or corresponding benefits, and would be obligated to repay the Retirement Fund benefits. We reject plaintiff's argument. As the Retirement Fund notes, there is no statutory basis for a distinction between permanent and temporary benefits.

"In construing a statutory enactment, the primary purpose is to ascertain the legislature's intention, not only from the language which it has used, but also from the reason and necessity for the act, the evils sought to be remedied, and the objects and purposes sought to be obtained." (*Eckman v. Board of Trustees for the Police Pension*

*Fund* (1986), 143 Ill. App. 3d 757, 763, 493 N.E.2d 671, 676, citing *Cloninger v. National General Insurance Co.* (1985), 109 Ill. 2d 419, 424, 488 N.E.2d 548, 549.) An examination of the legislative history of section 7—222 of the Pension Code reveals the deduction clause was intended to apply to temporary disability benefits. Public Act 80—903, effective September 21, 1977, amended statutes relating to five of the State's pension systems, including the Retirement Fund (1977 Ill. Laws 2602). The purpose of the act was to avoid the double benefits then possible under the pension system and the Workers' Compensation Act. (80th Ill. Gen. Assem., Senate Proceedings, June 22, 1977, at 327 (statements of Senator Glass).)

> "[The Bill] would provide for a reduction of disability or survivors benefits under five of the State pension systems when an individual has already received Workmen's Compensation or Workmen's Occupational Disease benefits for the same injury. In other words, this prevents a windfall or a double recovery of benefits, and, thereby, would save the pension system some money. It brings these five pension systems in line with the other pension systems of the State." (80th Ill. Gen. Assem., Senate Proceedings, June 27, 1977, at 104 (statements of Senator Glass).)

Most revealing, however, are the comments of Representative Mugalian:

> "It [the Bill] covers the situation of temporary disability where somebody can receive a benefit under his pension plan and also workmen's compensation and thereby receive up to 135 to 140% of his gross wages." 80th Ill. Gen. Assem., House Proceedings, May 11, 1977, at 149 (statements of Representative Mugalian).

We find no basis, either in the language of the statute or in its history, for drawing a distinction between temporary and permanent disability benefits. Benefits received from the Retirement Fund, whether temporary or permanent, are to be reduced by the amount of the workers' compensation award.

Judgment of the circuit court of Macon County is affirmed.

Affirmed.

LUND and GREEN, JJ., concur.