FRANK Di FOGGIO, Plaintiff-Appellant, v. THE RETIREMENT BOARD OF THE COUNTY EMPLOYEES' ANNUITY AND BENEFIT FUND OF COOK COUNTY AND *ex officio* FOR THE FOREST PRESERVE DISTRICT EMPLOYEES' ANNUITY AND BENEFIT FUND *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—91—3215

Opinion filed September 30, 1992.

George J. Cullen, of George J. Cullen & Associates, Ltd., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen Covy, Patricia M. Shymanski, and Sophia Lopez, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

After plaintiff, Frank Di Foggio, received workers' compensation total temporary disability benefits and a settlement for workers' compensation permanent partial disability, he sought duty disability benefits from the Retirement Board of the County Employees' Annuity and Benefit Fund of Cook County in accordance with the Illinois Pension Code. (Ill. Rev. Stat. 1983, ch. 108½, par. 9—101 *et seq.*) After the retirement board ruled that he was not entitled to such benefits, the trial court affirmed. On appeal, plaintiff asserts that the retirement board denied him his workers' compensation permanent partial disability award by offsetting the Pension Code's duty disability amount against his workers' compensation permanent partial disability award. We reverse.

On August 13, 1984, while employed as a plumber by Cook County Hospital, plaintiff injured his right shoulder. As a result, he underwent surgery and extensive therapy and was temporarily totally disabled for 166³/₇ weeks, from August 14, 1984, until October 26, 1987. In accordance with section 8(b) of the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(b)), plaintiff received a temporary total disability award from Cook County in the amount of 66²/₃% of his salary.

On March 23, 1989, the Illinois Industrial Commission approved a settlement between Cook County and plaintiff in accordance with section 8(e) of the Illinois Workers' Compensation Act, which provides:

"For accidental injuries in the following schedule, the employee shall receive compensation for the period of temporary

total incapacity for work resulting from such accidental injury, under subparagraph 1 of paragraph (b) of this Section, and shall receive in addition thereto compensation for a further period for the specific loss mentioned." Ill. Rev. Stat. 1983, ch. 48, par. 138.8(e).

Based on a 65% loss of use of his right arm, plaintiff received $48,848.92.

After the settlement, plaintiff sought duty disability benefits from Cook County in accordance with section 9—156 of the Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 9—156), which provides that duty disability benefits shall be 75% of the worker's salary at the time of the injury and shall be payable during any period of such disability for which he receives no salary. The period for which plaintiff was claiming duty disability benefits under the Pension Code was the 166³/₇ weeks during which he received no salary.

The retirement board determined that plaintiff was not entitled to duty disability because the Pension Code requires duty disability benefits to be offset against any workers' compensation benefits received. Since plaintiff received total workers' compensation benefits that exceeded the 75% obligation of the retirement fund, plaintiff was denied any duty disability benefits.

After a hearing before the retirement board, the board affirmed the original decision. Plaintiff filed a complaint for administrative review in the circuit court. The trial court affirmed the retirement board's decision and plaintiff appealed.

The issue is whether the retirement board denied plaintiff his workers' compensation permanent partial disability award by offsetting the Pension Code's duty disability against his workers' compensation permanent partial disability award.

Plaintiff asserts that the retirement board improperly combined his total temporary disability award and his permanent partial disability award, for a net effect that was higher than 75% of his salary. Plaintiff contends that allowing such an offset distorts the legislative intent of the Workers' Compensation Act and the Illinois Pension Code. Interpreting the Pension Code as assuring that an employee who is completely incapable of working will be entitled to 75% of his salary, plaintiff concludes that the pension fund should supplement the 66²/₃% of his salary from the workers' compensation award with 8¹/₃% of his salary.

Plaintiff argues that section 9—159 allows an injured employee who is temporarily totally disabled to either go directly to the Pension Fund and receive 75% of his salary or to file a workers' compensation

claim for 66⅔% of his salary and then apply to the Pension Fund for additional benefits. While the employee is entitled to permanent partial disability benefits under the Workers' Compensation Act, he is not entitled to a comparable benefit under the Pension Fund.

Plaintiff asserts that the language of section 9—159 of the Illinois Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 9—159) is ambiguous because the legislature mixed terms of art relating to specific provisions of the Workers' Compensation Act with general terms. According to plaintiff, those ambiguous terms include "specific loss," "death," and "disability."

Since plaintiff concludes that section 9—159's language is ambiguous, he looks to the legislative intent of both the Workers' Compensation Act and the Illinois Pension Code. He contends that those statutes were enacted to prevent double recovery from the same injury. Therefore, plaintiff maintains that the Pension Code's disability benefits are to be offset by the workers' compensation temporary total disability award, but coordinated with the workers' compensation permanent partial disability award.

The retirement board replies that section 9—159's language unambiguously provides that plaintiff's duty disability benefits are to be offset by any amount paid under the Workers' Compensation Act, not just temporary total disability awards. In accordance with that language and the Pension Code's purpose of preventing double recovery, the retirement board maintains that it has consistently interpreted section 9—159 as meaning that any duty disability benefits are to be reduced by any workers' compensation benefits or payments.

Defendant argues that the legislative intent of the Workers' Compensation Act is irrelevant to the issue before this court, which is whether the retirement board properly interpreted the language of section 9—159 of the Pension Code. Ill. Rev. Stat. 1983, ch. 108½, par. 9—159.

The retirement board analogizes this case to 16 other retirement funds created by the Illinois legislature. In some of those funds, the legislature excepted permanent partial awards. For example, the reduction provision in section 7—222 of the Illinois Municipal Retirement Fund specifically excludes an offset from "fixed statutory payments for the loss of or the permanent and complete loss of the use of any bodily member." (Ill. Rev. Stat. 1987, ch. 108½, par. 7—222.) The Firefighters' Pension Fund excludes from the offset provision any reduction for "permanent and partial loss of the use of any bodily member *** under the Workers' Compensation Act." (Ill. Rev. Stat. 1987, ch. 108½, par. 4—114.2.) The State Universities Retirement System

Fund only prohibits a reduction in the offset against "fixed statutory payments for the loss of any bodily member, or the permanent and complete loss of use of 100% of any bodily member." Ill. Rev. Stat. 1987, ch. 108½, par. 15—153.1.

In other funds found in chapter 108½, the legislature did not exempt a permanent partial award from the offset provision. See the Municipal Employees', Officers', and Officials' Annuity and Benefit Fund (Ill. Rev. Stat. 1987, ch. 108½, par. 8—163), the Laborers' and Retirement Board Employees' Annuity and Benefit Fund (Ill. Rev. Stat. 1987, ch. 108½, par. 11—158), the Park Employees' and Retirement Board Employees' Annuity and Benefit Fund (Ill. Rev. Stat. 1987, ch. 108½, par. 12—141); and the State Employees' Retirement System of Illinois (SERS) (Ill. Rev. Stat. 1987, ch. 108½, par. 14—129). Under the SERS fund, the legislature also enacted a right of subrogation for the employer against judgment proceeds obtained from third parties. Ill. Rev. Stat. 1987, ch. 108½, par. 14—129.

Defendant argues that the statute's specific language indicates that the legislature was aware of plaintiff's situation and chose not to exempt permanent partial awards from the offset provision of the Pension Code. If the legislature had intended to provide an exception to the offset provision for permanent partial awards under the Workers' Compensation Act, defendant contends, it knew what language to use.

■ This is a case of first impression. Section 9—159(c) of the Illinois Pension Code provides, in relevant part:

"If an employee who shall be disabled *** receive[s] any compensation or payment from county for specific loss, disability or death under the Workers' Compensation Act or Workers' Occupational Diseases Act, the disability benefit or any annuity for him *** payable as the result of such specific loss, disability or death shall be reduced by any amount so received or recoverable. If the amount received as such compensation or payment exceeds such disability benefit or other annuity payable as the result of such specific loss, disability or death, no payment of disability benefit or other annuity shall be made until the accumulative amounts thereof equals the amount of such compensation or payment." Ill. Rev. Stat. 1983, ch. 108½, par. 9—159(c).

■ We find that section 9—159's language is ambiguous. It is unclear what the statute means by the terms "specific loss," "disability," or "death." The statute does not provide that a duty disability benefit payable as a result of an injury shall be reduced by any payment from the county for that injury. If that were the case, the stat-

ute's language would be clearer. Instead, we are placed in the position of hypothesizing what the statute's language actually means.

Therefore, this court must look beyond the statute's language to determine the legislative intent. In construing a statutory enactment, the primary purpose is to ascertain the legislature's intention, not only from the language which it has used, but also from the reason and necessity for the act, the evils sought to be remedied, and the objects and purposes sought to be obtained. (*Gentry v. Illinois Municipal Retirement Fund* (1989), 182 Ill. App. 3d 494, 496.) Since statutory provisions related to the same subject matter should be construed harmoniously wherever possible (*Rawles v. Hartman* (1988), 172 Ill. App. 3d 931, 935; *Doran v. Department of Labor* (1983), 116 Ill. App. 3d 471, 475), we look at the Workers' Compensation Act as well as at the Illinois Pension Code.

The Workers' Compensation Act provides that a temporary total disability award and a permanent partial disability award for the same injury are distinct and separate awards. Section 8(d)(2) states:

"If, as a result of the accident, the employee sustains serious and permanent injuries *** he shall receive in addition to compensation for temporary total disability under paragraph (b) of this Section, compensation *** for that *** partial disability." Ill. Rev. Stat. 1983, ch. 48, par. 138.8(d)(2).

Compensation for specific permanent partial injuries is payable to injured employees over and above that payable for temporary total disability. *D.W. Voorhees v. Industrial Comm'n* (1964), 31 Ill. 2d 330, 332.

The Workers' Compensation Act creates four distinct categories that the legislature used in classifying benefits: temporary total disability, permanent total disability, temporary partial disability, and permanent partial disability. Temporary total disability is the temporary period immediately after the accident during which the injured employee is totally incapacitated from work. (*Mount Olive Coal Co. v. Industrial Comm'n* (1920), 295 Ill. 429, 431.) In Illinois, an employee who is totally incapacitated from working is awarded 66⅔% of his salary. (Ill. Rev. Stat. 1983, ch. 48, par. 138.8.) Permanent partial disability is awarded when a work-related injury prevents an employee from pursuing his usual and customary employment. (*Guest Coal Co. v. Industrial Comm'n* (1927), 324 Ill. 268, 275.) The award is based on the amount of loss or loss of use incurred, not on the employee's wages.

In harmonizing the two statutes together, we agree with both parties that their intent is to prevent double recovery for the same

injury. Since there is no legislative history of section 9—159, we agree with *Gentry* (182 Ill. App. 3d 494), which analyzed a similar pension code.

■ When a county employee becomes temporarily totally disabled as a result of a work-related injury, he is entitled to 75% of his pay from the Retirement Board and 66⅔% of his pay under the Workers' Compensation Act. To prevent the employee from receiving double benefits, any Pension Code disability benefit is offset against any workers' compensation temporary total disability award received. The pension fund should supplement the employee with 8⅓% of his salary.

■ If the employee is permanently partially disabled, he is entitled to a separate and distinct permanent partial disability benefit under the Workers' Compensation Act, but there is no such benefit under the Pension Code. Since no double recovery would be possible, there is no need to offset the permanent partial disability benefits. Therefore, we conclude that the Pension Code's duty disability, which is related to temporary total disability, should not be offset against the workers' compensation permanent partial disability benefits.

Based on the foregoing, the circuit court judgment is reversed and remanded to the trial court for further proceedings in accordance with this decision.

Reversed and remanded.

GREIMAN, P.J., and RIZZI, J., concur.