(No. 74563.—

FRANK DiFOGGIO, Appellee, v. THE RETIREMENT BOARD OF THE COUNTY EMPLOYEES ANNU-ITY AND BENEFIT FUND OF COOK COUNTY, *Ex-Officio* for the Forest Preserve District Employees Annuity and Benefit Fund, *et al.*, Appellants.

*Opinion filed September 23, 1993.*

Jack O'Malley, State's Attorney, of Chicago (Karen Covy, Patricia M. Shymanski and Sophia Lopez, Assistant State's Attorneys, of counsel), for appellants.

George J. Cullen, of Cullen, Haskins, Nicholson & Menchetti P.C., of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

This appeal requires us to determine the extent that duty disability benefits received under the Illinois Pension Code are offset (Ill. Rev. Stat. 1983, ch. 108½, par. 9—159(c)) against benefits received under the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.8). Based on the plain language of the Pension Code, we hold that duty disability benefits under the Code are offset against any amount paid or recoverable under the Workers' Compensation Act.

## BACKGROUND

The record contains the following undisputed facts. Plaintiff, Frank DiFoggio, worked as a plumber at Cook County Hospital in Chicago. On August 13, 1984, plaintiff injured his right arm and shoulder; the injury arose

out of and was sustained in the course of his employment. He required surgery and therapy. As a result, plaintiff did not work or receive wages from August 14, 1984, to October 26, 1987, a total of 166.29 weeks.

Plaintiff filed a workers' compensation claim with the Illinois Industrial Commission. During the disability period, he received temporary total disability benefits from the county in the amount of $434.67 per week, which equalled 66⅔% of his salary. (See Ill. Rev. Stat. 1983, ch. 48, par. 138.8(b).) Temporary total disability is a condition that exists from the time an injury incapacitates an employee from work until the employee is as recovered or restored as the character of the injury will permit. *Brinkmann v. Industrial Comm'n* (1980), 82 Ill. 2d 462, 467 (and cases cited therein).

In addition to the temporary total disability benefits, plaintiff received permanent partial disability benefits in a lump sum settlement between plaintiff and the county. Based on a 65% loss of use of his right arm, plaintiff received $48,848.92. (See Ill. Rev. Stat. 1983, ch. 48, par. 138.8(d)(2).) A worker has a permanent partial disability when the injury received leaves the worker permanently partially incapacitated from pursuing his or her usual and customary employment, and is reasonably certain to permanently prevent the worker from earning as much as the worker would have earned absent the injury. *Guest Coal Co. v. Industrial Comm'n* (1927), 324 Ill. 268, 275.

After the workers' compensation settlement, plaintiff applied to the Retirement Board of the County Employees Annuity and Benefit Fund of Cook County for duty disability benefits under the Pension Code. The statute provides that benefits for a disability resulting from the performance of an act of duty shall be 75% of the worker's salary at the date of the injury, payable during any disability period in which the worker does not receive

any wages. (Ill. Rev. Stat. 1983, ch. 108½, par. 9—156.) Plaintiff claimed Pension Code duty disability benefits for the same period of 166.29 weeks for which he received workers' compensation benefits.

The Retirement Board concluded that plaintiff was not entitled to duty disability benefits. The Board ruled that the Pension Code requires duty disability benefits to be offset against any workers' compensation benefits received. The Board found that plaintiff's total workers' compensation benefits—both the temporary total and the permanent partial benefits—exceeded the 75% obligation under the Pension Code. Therefore, the Board denied plaintiff's claim for duty disability benefits.

Plaintiff filed a complaint in the circuit court of Cook County seeking administrative review of the Retirement Board's denial. The trial court confirmed the Board's decision.

The appellate court reversed the trial court and the Board. The appellate court held that duty disability benefits under the Pension Code should not be offset against permanent partial disability benefits under the Workers' Compensation Act. (236 Ill. App. 3d 361, 367.) We allowed the Retirement Board's petition for leave to appeal (134 Ill. 2d R. 315(a)) and now reverse the appellate court.

## DISCUSSION

We note at the outset our standard of review. The Pension Code provides that judicial review of the Retirement Board's decisions be in accordance with the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*). (Ill. Rev. Stat. 1983, ch. 108½, par. 9—236.) The Administrative Review Law provides that our review extends to all questions of law and fact presented by the entire record. (Ill. Rev. Stat. 1983, ch. 110, par. 3—110.) The rule that an administrative agency's find-

ings of fact should not be disturbed unless they are against the manifest weight of the evidence does not apply where the question involved is one of law, such as the proper interpretation of a statute. (*City of Freeport v. Illinois State Labor Relations Board* (1990), 135 Ill. 2d 499, 516.) Rather, in such a case, the Board's finding is not binding on the court. *City of Freeport*, 135 Ill. 2d at 507.

The Retirement Board based its denial of plaintiff's duty disability benefits on Pension Code section 9—159(c), which states in pertinent part:

"(c) If an employee who shall be disabled, or his widow or children receive *any* compensation or payment from the county for specific loss, *disability* or death under the Workers' Compensation Act or Workers' Occupational Disease Act, the disability benefit or any annuity for him or his widow or children payable as the result of such specific loss, disability or death shall be reduced *by any amount so received or recoverable.* If the amount received as such compensation or payment exceeds such disability benefit or other annuity payable as the result of such specific loss, disability or death, no payment of disability benefit or other annuity shall be made until the accumulated amounts thereof equals the amount of such compensation or payment." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 108½, par. 9—159(c).

The Retirement Board argues, *inter alia*, that the language of section 9—159(c) is unambiguous. According to the Board, the provision requires that plaintiff's duty disability benefits be offset against all of plaintiff's workers' compensation payments. Since plaintiff's total workers' compensation payments exceeded the Pension Code's 75% obligation, the Board maintains that plaintiff is not entitled to any duty disability benefits.

Plaintiff argues that Pension Code section 9—159(c) is ambiguous and, therefore, resorts to statutory construction to ascertain the legislative intent. After comparing

Pension Code section 9—159(c) to the Workers' Compensation Act, plaintiff contends that Pension Code duty disability benefits are to be offset against only workers' compensation temporary total disability benefits.

The appellate court accepted plaintiff's interpretation of the Pension Code and agreed with his result. (236 Ill. App. 3d at 365-67.) The court found that the language of section 9—159(c) was ambiguous. The court reasoned:

"It is unclear what the statute means by the terms 'specific loss,' 'disability,' or 'death.' The statute does not provide that a duty disability benefit payable as a result of an injury shall be reduced by any payment from the county for that injury. If that were the case, the statute's language would be clearer. Instead, we are placed in the position of hypothesizing what the statute's language actually means." 236 Ill. App. 3d at 365-66.

Thus, according to plaintiff, he is entitled to Pension Code duty disability benefits in the amount of 8⅓% of his wages in addition to his workers' compensation permanent partial disability benefits. This represents the Pension Code's obligation to pay 75% of his wages for a disability, offset against the Workers' Compensation Act's obligation to pay 66⅔% of his wages, which plaintiff received in workers' compensation temporary total disability benefits.

We cannot accept plaintiff's argument. The following principles are quite settled:

" 'It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain lan-

guage of the statute imports.' (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350.)" *Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194.

Accord *Interlake, Inc. v. Industrial Comm'n* (1983), 95 Ill. 2d 181, 192-93.

Applying these principles to the present case, we conclude that Pension Code section 9—159(c) is unambiguous. It does not distinguish between temporary total disability benefits and permanent partial disability benefits under the Workers' Compensation Act. Rather, Pension Code section 9—159(c) simply provides that any disability benefits paid or recoverable under the Workers' Compensation Act shall serve to offset Pension Code duty disability benefits.

The appellate court looked to the Workers' Compensation Act to determine which workers' compensation benefits constituted disability benefits as described in the Pension Code. However, a court should not attempt to read a statute other than in the manner in which it was written. In applying plain and unambiguous language, it is not necessary for a court to search for any subtle or not readily apparent intention of the legislature. (*Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 215-16.) As the Board notes, the appellate court had to look no further than the plain language of the Pension Code itself to make its determination.

For the foregoing reasons, the judgment of the appellate court is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*