664 N.E.2d 687 (1996)
279 Ill. App.3d 512
216 Ill.Dec. 50
In re ESTATE OF Stephen Glenn BRITTIN, Deceased (Deborah J. Roeder, Linda Brittin, Denise Brittin, Stacie Brittin, and Laura Moore, Petitioners-Appellees,
v.
Mary Ann Buckman, Administrator, Respondent-Appellant).
No. 5-95-0140.
Appellate Court of Illinois, Fifth District.
April 17, 1996.
*688 Jonathan Isbell, Edwardsville, for Appellant.
Gregory C. Nold, Nold & Nold, Ltd., Freeburg, for Appellees.
Justice GOLDENHERSH delivered the opinion of the court:
Respondent, Mary Ann Buckman, natural daughter of decedent, Stephen Glenn Brittin, and administrator of his estate, appeals from an order of the circuit court finding petitioners, Deborah J. Roeder, Linda Brittin, Denise Brittin, Stacie Brittin, and Laura Moore, the natural children of decedent's adopted son, William Eugene, to be decedent's legal heirs and reopening decedent's estate.
On appeal, respondent contends the trial court erred in finding petitioners, for purposes of intestate succession, to be the legal heirs of decedent and in reopening decedent's estate. We affirm.

I
The facts are undisputed. The record reveals that when William Eugene was about three years of age, his mother, Estelle Willet, married the decedent, Stephen Glenn Brittin. From age three, Stephen and Estelle raised William as their son. The couple had one natural child, Mary Ann Buckman, respondent herein. Estelle Willet Brittin died on July 28, 1975. Shortly thereafter, on October 20, 1976, Stephen adopted William in an adult adoption proceeding in St. Clair County. William was 46 years old at the time of the adoption and had five children, petitioners herein. The adoption decree specifically provides that William was the child of Stephen Glenn Brittin "and for the purposes of inheritance and all other legal incidents and consequences, shall be the same as if said respondent had been born to Stephen Glenn Brittin and Estelle Willet Brittin (now deceased) in lawful wedlock." William died on May 17, 1979, predeceasing his adoptive father and leaving his five children as his descendants and heirs.
On February 8, 1993, Stephen died intestate leaving Mary, his natural daughter, and petitioners, descendants of his adopted son, William, as his heirs. Decedent's intestate estate was opened on March 10, 1993. The court found respondent to be the sole heir and appointed her administrator of the estate. The estate was closed on October 4, 1993, with the proceeds going to respondent. *689 Petitioners were unaware that the administration of decedent's estate was underway without their participation until December 1993, when they learned that the estate had been closed.
On February 9, 1994, petitioners filed a petition to vacate the order of discharge and order finding heirship and to reopen the estate. Petitioners alleged in the petition that they are heirs of the decedent and are entitled to share in decedent's estate as the children of decedent's adopted son. After a hearing, the trial court entered its order finding petitioners legal heirs of decedent and reopening the estate. Respondent filed a motion to reconsider, which was denied on January 30, 1995. Respondent appeals.
II
Respondent contends that petitioners are not descendants of the decedent and may not take, by representation, their deceased father's share of the decedent's estate. Respondent acknowledges that pursuant to section 2-4(a) of the Probate Act (755 ILCS 5/2-4(a) (West 1992)), petitioners' father, as the adopted child of the decedent, is a descendant of his adoptive parent, and had he not predeceased decedent, he would be entitled to half of decedent's estate. However, defendant argues that the legislature, in using the term "adopted child" in section 2-4(a) of the Probate Act, intended to limit intestate succession to the descendants of a child adopted as a minor. Respondent further asserts that the legislature did not intend to include as descendants of an "adopted child" children born to the adopted adult prior to that adult's adoption. According to respondent, because petitioners were already born at the time of decedent's adoption of their father, they are not the descendants of an "adopted child" and therefore cannot take by representation their deceased father's share of decedent's estate. We disagree.
The case before us is one of first impression and requires our consideration of the issue of whether the natural children of an adult adoptee are descendants of the adopting parent for purposes of inheritance. In considering this issue, we must consider whether the legislature, in enacting the statute granting an adopted child the status of a descendant of the adopting parent, intended to limit succession rights of the adoptee's children to the natural children of a child adopted as a minor and to exclude the natural children born to the adult adoptee prior to his adoption by the adopting parent.
The distribution of an intestate real and personal estate of a decedent whose spouse is predeceased but who is survived by his descendants is governed by section 2-1(b) of the Probate Act, which provides:
"§ 2-1. Rules of descent and distribution. The intestate real and personal estate of a resident decedent and the intestate real estate in this State of a nonresident decedent, after all just claims against his estate are fully paid, descends and shall be distributed as follows:
* * * * * *
(b) If there is no surviving spouse but a descendant of the decedent: the entire estate to the decedent's descendants per stirpes." 755 ILCS 5/2-1(b) (West 1992).
Where the decedent is survived by an adopted child, the adopted child may take a share of the intestate estate as a legal heir of the decedent pursuant to section 2-4(a) of the Probate Act, which provides:
"§ 2-4. Adopted child and adopting parent. (a) An adopted child is a descendant of the adopting parent for purposes of inheritance from the adopting parent and from the lineal and collateral kindred of the adopting parent. For such purposes, an adopted child also is a descendant of both natural parents when the adopting parent is the spouse of a natural parent." 755 ILCS 5/2-4(a) (West 1992).
A cardinal rule of statutory construction "is to ascertain and give effect to the true intent and meaning of the legislature." Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc., 158 Ill.2d 76, 81, 196 Ill.Dec. 655, 657, 630 N.E.2d 820, 822 (1994). To determine the intent of the legislature, a court should first consider the statutory language, for its language best indicates the legislature's intent. Solich, 158 Ill.2d at 81, 196 Ill.Dec. at 657, 630 N.E.2d at *690 822. When the language of the statute is clear, the court must give it effect "without resorting to other aids for construction." Solich, 158 Ill.2d at 81, 196 Ill.Dec. at 657, 630 N.E.2d at 822. "In applying plain and unambiguous language, it is not necessary for a court to search for any subtle or not readily apparent intention of the legislature." Di Foggio v. Retirement Board of the County Employees Annuity & Benefit Fund of Cook County, 156 Ill.2d 377, 383, 189 Ill.Dec. 753, 756, 620 N.E.2d 1070, 1073 (1993).
The Adoption Act (750 ILCS 50/1 et seq. (West 1992)) provides for the adoption of an adult as well as the adoption of minor children. Section 3 of the Adoption Act sets forth the conditions under which an adult may be adopted, stating:
"§ 3. Who may be adopted. A male or female * * * adult[] may be adopted * * * provided * * * that such adult has resided in the home of the persons intending to adopt him at any time for more than 2 years continuously preceding the commencement of an adoption proceeding, or in the alternative that such persons are related to him within a degree set forth in the definition of a related child in Section 1 of this Act." 750 ILCS 50/3 (West 1992).
A careful review of the Adoption Act reveals no statutory distinction between an adopted adult and an adopted minor with respect to the nature of the legal relationship created between the adoptee and the adopting parent, namely, a parent-child relationship. The adoptee, regardless of his age upon adoption, attains the status of a natural child of the adopting parents. In re M.M., 156 Ill.2d 53, 62, 189 Ill.Dec. 1, 7, 619 N.E.2d 702, 708 (1993). Likewise, the Adoption Act makes no reference to the rights of an adopted child with regard to his ability to inherit from his adopting parents. Therefore, for the proper resolution of the issue before us, we must examine section 2-4(a) of the Probate Act.
Respondent maintains that section 2-4(a) of the Probate Act does not include adult adoptees because, had the legislature intended to include adopted adult children, it would have changed the word "child" to "person" so as to include all adopted persons. Respondent argues that the legislature has amended section 2-4(a) several times and has not made this change and, therefore, the legislature intended to limit inheritance to minor adopted children. We do not agree with this contention.
"Where the terms of a statute are not defined by the legislature, courts will assume that they were intended to have their ordinary and popularly understood meanings, unless doing so would defeat the perceived legislative intent." People v. Hicks, 101 Ill.2d 366, 371, 78 Ill.Dec. 354, 357, 462 N.E.2d 473, 476 (1984). Further, in determining the legislature's intent in using a particular term, "a reference to the subject matter and the context will ordinarily disclose the sense in which the word is used." Bartholow v. Davies, 276 Ill. 505, 511, 114 N.E. 1017 (1916).
"There are * * * two meanings which may be given to the word `child:' one an offspring or a descendant, when a person is spoken of in relation to his parents; another, a person of immature years. * * * The word `child,' when used with reference to the parents, ordinarily has no reference to age, but to the relation. When used without reference to the parents, as indicating a particular individual, it usually bears the meaning of a young person of immature years." Bartholow, 276 Ill. at 511, 114 N.E. at 1019. (NOTE: Bartholow was decided prior to statutory changes allowing the adoption of adults.)
Considering the subject matter and context in which the word "child" is used in section 2-4(a), the plain language of the statute indicates that the legislature intended to use the word "child" in its relational sense; referring to the parent-child relationship between the adoptee and the adopting parent. The word "child," as used here, cannot be interpreted fairly as meaning a minor, in light of section 3 of the Adoption Act which permits adult adoptions. Moreover, there is nothing in section 2-4(a) indicating a distinction between the adoptee's status as an adult or a minor at the time of adoption with regard to the adoptee's classification as a descendant of the adopting parent. The only *691 qualification set forth in the statute is that the adoptee be legally adopted. Nothing more is required. Accordingly, petitioner's deceased father is an adopted child of the decedent and, as such, obtained the right of succession as decedent's legal heir.

III
Respondent next asserts that the children of an adopted adult who were born before the adult's adoption are not the legal heirs of the decedent because they are not the children of an adopted adult. Respondent argues, therefore, that petitioners, as already-born children at the time of their father's adoption, cannot take by representation their predeceased father's share of decedent's estate. This contention is not persuasive.
As discussed above, section 2-4(a) deems all adopted children to be descendants of the adopting parent. This provision places the adopted child and the natural child in equivalent positions with respect to the child's capacity to inherit from an intestate parent. Similarly, the act of adoption itself accords the adoptee the status of a natural child of the adopting parent. In re M.M., 156 Ill.2d at 62, 189 Ill.Dec. at 7, 619 N.E.2d at 708. As with natural children, the children of the adoptee, by virtue of the adoption, become the grandchildren of the adopting parent, thereby creating a grandparent-grandchild relationship.
Because section 2-4(a) deems an adopted child the descendant of the adopting parent, it logically follows that, for purposes of inheritance, the children of the adopted adult are also descendants and can take as grandchildren of the decedent. Accordingly, if the adopted child predeceases the adopting parent, leaving children, as is the case here, those children, as grandchildren of the adopting parent, are entitled to represent their deceased parent and to receive from the adopting parent's estate the share to which the adopted adult child would have been entitled to receive had he survived the adopting parent. Annotation, Adoption of Adult, 21 A.L.R.3d 1012, 1034-38, §§ 14, 16 (1968); 2 Am.Jur.2d Adoption § 205, at 1132 (1994).
We believe this to be the correct reading of section 2-4(a) since section 2-4(a) does not impose any restrictions or conditions on the ability of the natural children of a predeceased adopted child to inherit from the estate of the adopting parent. Nor does the provision either expressly or impliedly state that the adopted child's children must be born subsequent to the adoption in order to be legal heirs of the adopting parent. Because "the plain meaning of the language used by the legislature is the safest guide in constructing any [statute]," the court cannot inject provisions not expressly included or fairly implied by the statute. Munroe v. Brower Realty & Management Co., 206 Ill. App.3d 699, 706, 151 Ill.Dec. 761, 767, 565 N.E.2d 32, 38 (1990). Further, "the words of a statute must be read in light of the purposes to be served, and those words must be read to reach a common-sense result." Munroe, 206 Ill.App.3d at 706, 151 Ill.Dec. at 767, 565 N.E.2d at 38. Our reading of section 2-4(a) gives effect to the legislative policy of according adopted children a status of inheritance equivalent to that of natural children. With this legislative purpose in mind, we can read section 2-4(a) in no other way but as including, as descendants of the decedent, the natural children of an adopted adult. Accordingly, we find that the trial court did not err in finding petitioners to be the legal heirs of the decedent. As such, petitioners are entitled to represent their deceased parent, the adopted child of the decedent, and to receive the adopted child's per stirpes share of decedent's estate.
For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.
Affirmed.
HOPKINS, P.J., and CHAPMAN, J., concur.