(No. 75810

THE PEOPLE *ex rel.* MICHAEL J. WALLER, State's Attorney of Lake County, Appellant, v. 1990 FORD BRONCO (Vincent Puccio, Appellee).

*Opinion filed March 24, 1994.*

Roland W. Burris, Attorney General, of Springfield, and Michael J. Waller, State's Attorney, of Waukegan (Norbert J. Goetten, William L. Browers and Mary Beth Burns, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

Marc W. Martin, of Genson, Steinback, Gillespie & Martin, of Chicago, and Robert J. Fox, of Ori, Fox, Lunardi & Zeit, of Waukegan, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The State filed a complaint in the circuit court of Lake County pursuant to section 1.25 of the Wildlife Code (Ill. Rev. Stat. 1991, ch. 61, par. 1.25) to obtain, by forfeiture, a 1990 Ford Bronco automobile, a shotgun, and a handgun with scope, all of which are owned by Vincent Puccio. On Puccio's motion, the circuit court dismissed the action on the grounds that section 1.25 of

the Code is unconstitutional and therefore invalid. The State now brings this direct appeal pursuant to Rule 302(a)(1) (134 Ill. 2d R. 302(a)(1)). For the reasons which follow, we affirm the judgment of dismissal, but do not reach the question of the statute's validity.

. The dispute which gave rise to this appeal occurred on October 31, 1992, when officers of the Department of Conservation and the Lake Forest police department arrested Vincent Puccio for violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 24—1(a)(4)). That statute provides that a person commits the offense of unlawful use of weapons when he knowingly

"Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm." (Ill. Rev. Stat. 1991, ch. 38, par. 24—1(a)(4).)

The weapons in question consisted of a Winchester 12-gauge shotgun and a Thompson handgun, with scope, which were allegedly carried by Puccio in his 1990 Ford Bronco.

Following Puccio's arrest, the conservation officers and the Lake Forest police seized the weapons and the Bronco and placed them in the Conservation Department's custody. Approximately six weeks later, the Department caused a complaint to be filed in the circuit court of Lake County in order to have the guns and the Bronco forfeited to the State. The State claimed that it was entitled to forfeiture of the Bronco, as well as the guns, because the vehicle was used to transport the guns "and was also used to facilitate commission of the [weapons] offense." Although no violations of the Wildlife Code were claimed, both the seizure and the forfeiture action were premised exclusively on section 1.25 of that statute (Ill. Rev. Stat. 1991, ch. 61, par. 1.25).

Puccio moved to dismiss the forfeiture complaint on

the grounds that the proceedings had not been initiated as promptly as the statute requires. Although this motion was denied, the court granted Puccio temporary use of the Bronco during the pendency of this action. Shortly thereafter, Puccio moved for suppression, in this action, of any evidence that was ultimately suppressed in his prosecution on the criminal charge. In addition, he asked the court to declare section 1.25 of the Wildlife Code (Ill. Rev. Stat. 1991, ch. 61, par. 1.25) unconstitutional.

Following a hearing, the circuit court found Puccio's constitutional challenge to be meritorious. Specifically, it held that section 1.25 is unconstitutionally vague because it "requires the trier of fact to employ discretion but fails to give effective standards by which such trier of fact could determine when it should forfeit a vehicle after a determination that the vehicle was used illegally." Accordingly, the court entered judgment dismissing the forfeiture proceeding. The State's post-trial motion was denied, and this appeal followed.

Because of the circuit court's declaration that section 1.25 (Ill. Rev. Stat. 1991, ch. 61, par. 1.25) is unconstitutional and therefore invalid, there is no dispute that its judgment dismissing the forfeiture action is properly before us for direct review. (134 Ill. 2d R. 302(a)(1).) We note, however, that while the issue of the statute's invalidity may have triggered our jurisdiction, it is the propriety of the judgment itself that is before us on appeal, not the circuit court's reasoning. (See *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.) A reviewing court "is not bound to accept the reasons given by the trial court for its judgment [citation], and the judgment may be sustained upon any ground warranted, regardless of whether it was relied on by the trial court and regardless of whether the reason given by the trial court was correct." *Material Service Corp.*, 98 Ill. 2d at 387.

Although the circuit court founded its decision on constitutional principles, this court has long held that constitutional questions will not be considered if the cause can be determined on other grounds. (*Exchange National Bank v. Lawndale National Bank* (1968), 41 Ill. 2d 316, 321.) This basic principle of review is applicable here, for the State's forfeiture action is fatally defective for reasons wholly unrelated to the constitutionality of the statute on which it is based.

As we have noted, the State brings this action under section 1.25 of the Wildlife Code (Ill. Rev. Stat. 1991, ch. 61, par. 1.25). By its terms, that statute authorizes the seizure and forfeiture of

> "Every hunting or trapping device, vehicle or conveyance, when used or operated illegally, or attempted to be used or operated illegally by any person *in taking, transporting, holding, or conveying any wild bird or wild mammal*, contrary to the provisions of this Act, including administrative rules \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 61, par. 1.25.)

The problem here is that the State has never contended that the guns or the Bronco were used or operated illegally by Puccio in taking, transporting, holding or conveying any wild bird or wild mammal contrary to the provisions of the Act. Indeed, there is no indication from the record that any wild birds or wild mammals were involved in this case at all. Although defense counsel suggested at oral argument that Puccio did have two geese in his possession at the time of his arrest, there is nothing inherently wrong with that, and absolutely no charge has been made that Puccio's possession of the geese was in any way illegal under the Wildlife Code. The only "illegality" alleged is unlawful use of weapons in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 24—1(a)(4)). As noted earlier, this criminal violation was the explicit and exclusive basis for the seizure and forfeiture proceedings before us today.

Nothing in section 1.25 of the Wildlife Code authorizes the seizure or forfeiture of property for violation of section 24—1(a)(4) or any other provision of the Criminal Code. In addition, nothing in the Criminal Code authorizes the seizure or forfeiture of property by means of the procedures set forth in the Wildlife Code. (See, *e.g.*, Ill. Rev. Stat. 1991, ch. 38, par. 24—6.) Accordingly, section 1.25 of the Wildlife Code can have no possible application to the facts present here. Because section 1.25 is inapplicable, there is no need to consider the additional question of whether it is unconstitutional. Valid or not, the statute would not permit the relief sought by the State here. The judgment of the circuit court of Lake County dismissing the forfeiture action is therefore affirmed.

*Affirmed.*