# Illinois Official Reports

## Appellate Court

---

**Yolanda S. v. Illinois Department of Children & Family Services,**
**2019 IL App (1st) 171853**

---

| | |
|---|---|
| Appellate Court Caption | YOLANDA S., Plaintiff-Appellant, v. ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES and BEVERLY ("B.J.") WALKER, in Her Official Capacity as Acting Director of the Illinois Department of Children and Family Services, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-17-1853 |
| Filed | January 23, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CH-12874; the Hon. Michael T. Mullen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Sara E. Gilloon, of Family Defense Center, of Chicago, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Ann C. Maskaleris, Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE COBBS delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff, Yolanda S., appeals the denial of her request to expunge an indicated finding of medical neglect by defendants, the Department of Children and Family Services (DCFS or Department) and the acting director Beverly Walker (Director). On administrative review, the circuit court affirmed the decision. Plaintiff appeals the indicated finding, arguing that DCFS violated her due process rights by failing to provide her with (1) an expedited decision or, in the alternative, (2) an efficient resolution of her administrative appeal. For the reasons that follow, we affirm.

¶ 2 I. BACKGROUND

¶ 3 The following facts are obtained from the transcripts and pleadings in the record. Yolanda worked in the child care profession for over 26 years. In February 2016, DCFS placed Yolanda's grandson C.S. in her care as a result of a child abuse investigation against her son. On February 17, 2016, C.S. sustained a second-degree burn on his right calf while in the care of his aunt, Yolanda's daughter. Yolanda first viewed the burn when her daughter returned C.S. to Yolanda's home. She determined that C.S. had a second-degree burn.

¶ 4 Yolanda consulted WebMD for treating a burn and decided she could treat C.S.'s burns at her home. Three times daily she removed C.S.'s bandage, wiped his wound with a clean washcloth, sprayed antiseptic first aid spray, let it dry, applied burn gel, and rebandaged his wound.

¶ 5 On February 23, 2016, Haleema Townsend, a DCFS investigator, called Yolanda and told her that C.S. was scheduled the next morning for a Healthworks exam, a standard exam for children in foster care. Sometime during the night, C.S.'s bandage fell off and the burned skin stuck to his pajama pants. Yolanda rebandaged the burn and took C.S. to the hospital for his prescheduled exam. During the Healthworks exam, Townsend and the doctor saw the burn on C.S.'s calf. The doctor determined that C.S. needed to be transferred to the burn center at the University of Chicago Comer Children's Hospital.

¶ 6 That same day, a hotline call was made to DCFS to report that C.S. sustained a second-degree burn on his right calf. After an investigation, Townsend recommended to DCFS an indicated finding against Yolanda. On April 25, 2016, DCFS notified Yolanda that it completed its investigation and had indicated her for two categories of child neglect, burns by neglect and medical neglect. Additionally, the indicated findings would be maintained on the State Central Register for 20 years. The notification provided that indicated findings could affect her employment as a child care worker and thus she could request an expedited appeal. The expedited appeal would result in a final decision within 35 days of the appeal request.

¶ 7 On May 3, 2016, Yolanda requested an expedited appeal to expunge the indicated findings from the State Central Register. DCFS sent her a letter informing her that a prehearing conference was scheduled for May 16, 2016, and a hearing was scheduled for May 24, 2016. On May 16, 2016, the Administrative Law Judge (ALJ) instructed Yolanda and DCFS that, under DCFS rules, DCFS must issue its decision within 35 days of the date the appeal was requested. However, the ALJ also explained that if at any time during the course of the expedited appeal a hearing needed to be rescheduled to a new date that is more than seven days from the original scheduled hearing date, the parties would give up their right to receive an

expedited decision within 35 days and the appeal would then be treated as a regular appeal to be decided within 90 days.

¶ 8        During the pre-hearing conference, Yolanda requested a 14-day review. DCFS did not object, and the ALJ granted her request. The ALJ stated that the 14-day review would end on May 30, 2016; however, because May 30, 2016, was Memorial Day and DCFS was closed for the government holiday, the post-review hearing was scheduled for May 31, 2016. At the May 31, 2016, hearing, Yolanda appeared by counsel, and DCFS announced that the findings alleging child neglect regarding the burns were unfounded. However, DCFS intended to proceed on the allegation of medical neglect. The ALJ offered hearing dates for June 15, 2016, June 16, 2016, and June 17, 2016. However, the parties agreed to a July 1, 2016, hearing date.

¶ 9        On July 1, 2016, the ALJ held the evidentiary hearing on the indicated finding for medical neglect. Yolanda appeared personally and by counsel. Counsel for Yolanda asserted that it was her "understanding [that] there was a 14-day review in this case but *** there was no waiver of the expedited" hearing. The ALJ stated that the appeal had been converted from an expedited appeal into a regular appeal when Yolanda rejected the first available date and a 14-day review was requested. The ALJ explained: "[a]fter the [14-day] review was conducted, this date [July 1] then was agreed upon *** if you reject the first offered date for the expedited appeal we do not set a hearing within seven days, then it does—it does convert to a regular appeal. That was read and understood." Counsel for Yolanda stated for the record that she was "not aware that the hearing had been converted to a regular hearing." Counsel further stated that she was under the impression that a 14-day review was not rejecting the first offered date, "but was a redress for the lack of an administrator's conference and did not convert the hearing to a regular hearing but kept it on an expedited schedule."

¶ 10       On August 19, 2016, the ALJ issued her opinion and recommendation, concluding that the indicated finding for medical neglect was supported by the preponderance of the evidence. She recommended that Yolanda's request to expunge the indicated finding of medical neglect from the State Central Register be denied. On August 25, 2016, Yolanda filed a motion for expungement as a matter of law. She argued that DCFS had not yet issued a decision and, as a result, violated her expedited appeal right to receive a decision within 35 days as well as the 90-day time limit for issuing a final decision in a regular appeal. The ALJ struck the motion, stating the Department Rule 336 did not give her authority to consider posttrial motions or expunge an indicated report. The ALJ also noted that any time expended for the 14-day review is attributed to the appellant, not DCFS. On August 30, 2016, the Director issued a final administrative decision, adopting the ALJ's indicated finding for medical neglect.

¶ 11       Yolanda filed a complaint for administrative review in the circuit court. The circuit court denied the complaint and affirmed the Director's final administrative decision. On appeal, Yolanda challenges only the timing of DCFS's decision; no argument has been raised with respect to the finding of medical neglect.

¶ 12                                  II. ANALYSIS

¶ 13       On appeal, Yolanda argues that DCFS recognized that she qualified as a child care worker with a protected liberty interest in her chosen occupation and, pursuant to *Dupuy v. McDonald*, 141 F. Supp. 2d 1090 (N.D. Ill. 2001), *aff'd in part, rev'd in part sub nom. Dupuy v. Samuels*, 397 F.3d 493 (7th Cir. 2005), she is entitled to expungement of the indicated findings against her. She maintains that she properly filed a request for an expedited hearing and that DCFS

was required to issue a final decision on her appeal within 35 days of her request. She further contends that even if she is not entitled to expungement because DCFS failed to afford her an expedited appeal, she is still entitled to expungement because DCFS violated her right to a timely and efficient decision under the regular appeals process.

¶ 14     DCFS responds that it satisfied the due process requirements because it provided Yolanda with notice and a meaningful opportunity to be heard in a timely manner and that it complied with the timelines and procedures for expungement appeals. DCFS maintains that Yolanda's appeal was converted from an expedited appeal to a regular appeal by her own actions and that the Director's final administrative decision was issued within the required 90-day period for a regular appeal—counting only the days attributable to DCFS.

¶ 15     When a party appeals the circuit court's decision on a complaint for administrative review, the appellate court's role is to review the administrative decision rather than the circuit court's decision. *Siwek v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 324 Ill. App. 3d 820, 824 (2001). The Administrative Review Law provides that judicial review of an administrative agency decision shall extend to all questions of law and fact presented by the entire record before the court. 735 ILCS 5/3-110 (West 2014). Moreover, "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct." *Id.* "The standard of review, 'which determines the degree of deference given to the agency's decision,' turns on whether the issue presented is a question of fact, a question of law, or a mixed question of law and fact." *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 216 Ill. 2d 455, 471 (2005) (quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 390 (2001)). The agency's conclusions of law are reviewed *de novo*. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211 (2008).

¶ 16     Yolanda argues that DCFS violated her due process rights when it denied her request to expunge an indicated finding of medical neglect 119 days after she requested an appeal. She asserts that the appropriate remedy to cure the due process violation is an expungement of the indicated finding.

¶ 17     Due process is "a flexible concept and requires only such procedural protections as fundamental principles of justice and the particular situation demand." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 92 (1992). In administrative proceedings, due process is satisfied when the party concerned has the "opportunity to be heard in an orderly proceeding which is adapted to the nature and circumstances of the dispute." *Obasi v. Department of Professional Regulation*, 266 Ill. App. 3d 693, 702 (1994). A fair hearing includes the right to be heard, the right to cross-examine adverse witnesses, and impartiality in ruling on the evidence. *WISAM 1, Inc. v. Illinois Liquor Control Comm'n*, 2014 IL 116173, ¶ 26. Yolanda's due process claim raises a question of law, and thus our review is *de novo*. *Lyon v. Department of Children & Family Services*, 209 Ill. 2d 264, 271 (2004).

¶ 18     With these principles in mind, we turn our attention to the applicable provisions in the Abused and Neglected Child Reporting Act (Act) (325 ILCS 5/7.7 (West 2014)) and Parts 300 and 336 of the Illinois Administrative Code (Code) (89 Ill. Adm. Code 300; 89 Ill. Adm. Code 336), all of which govern the procedures for the investigation and disposition of allegations of child abuse and neglect. Also relevant are particular agreed orders that resulted from the federal district court's disposition in *Dupuy*, 141 F. Supp. 2d 1090, a case involving child care

employees for whom DCFS had made indicated findings of child abuse.

¶ 19                 A. Abuse and Neglect Reports Involving Child Care Workers

¶ 20      The Abused and Neglected Child Reporting Act requires DCFS to maintain a state central register of all cases of suspected child abuse or neglect. 325 ILCS 5/7.7 (West 2014). If DCFS determines after a preliminary investigation that a report "is a good faith indication of alleged child abuse or neglect," then it will start a formal investigation. *Id.* § 7.4(b)(3). DCFS investigates all reports of suspected child abuse or neglect, classifying them as "indicated," "unfounded," or "undetermined." *Id.* § 7.12. When the subject of a report of suspected child abuse or neglect is a child care worker, DCFS investigators are required to notify the child care worker in person if DCFS intends to indicate a finding for child abuse or neglect. 89 Ill. Adm. Code 300.160(c)(2)(D) (2005). Once the child care worker has been notified of the intent to indicate, he or she may request a one-hour teleconference provided by a neutral administrator. 89 Ill. Adm. Code 300.160(c)(1)(A) (2005). The teleconference provides the alleged perpetrator the opportunity to present documentary evidence or other information to support his or her position. *Id.* The teleconference is not a hearing. 89 Ill. Adm. Code 300.160(c)(3)(E) (2005).

¶ 21      Child care workers have the right to request an expedited appeal if the allegation of abuse or neglect is indicated. 89 Ill. Adm. Code 300.160(c)(1)(B) (2005). An expedited appeal provides the alleged perpetrator with a final decision "within 35 days after receipt of his or her request for an appeal." *Id.* If an appellant does not request an expedited appeal, but does appeal an indicated finding, he or she is entitled to have a final administrative decision rendered "within 90 days after the date of receipt of the appeal." 89 Ill. Adm. Code 300.160(c)(5)(B) (2005). The Director's decision constitutes the final administrative decision. 89 Ill. Adm. Code 336.220(a)(1) (2017).

¶ 22      A series of procedural safeguards, including the availability of an administrative teleconference, resulted from the federal district court's decision in *Dupuy*, 141 F. Supp. 2d 1090. *Dupuy* involved a class action lawsuit brought by child care employees whom DCFS had indicated as perpetrators of child abuse or neglect and whose names had been placed in the state central register. In their complaint, brought under 42 U.S.C. § 1983 (2012), the employees challenged the constitutionality of certain DCFS policies and procedures for investigating allegations of child abuse and neglect and for issuing "indicated" reports as violative of procedural due process and sought injunctive relief. *Dupuy*, 141 F. Supp. 2d at 1092. Upon review of, *inter alia*, the DCFS's indicated report decision-making, notice and hearing, and disclosure policies, the court found the policies to be constitutionality inadequate and granted the plaintiff's motion for a preliminary injunction. *Id.* at 1134-41. As a part of the court's order, the parties were given 60 days to develop constitutionally adequate procedures. *Id.* at 1141.

¶ 23      On November 16, 2006, the *Dupuy* plaintiffs and DCFS entered into an agreed order that required the Director of DCFS to comply with what are commonly referred to as the *Dupuy* orders. Stipulation and Order, *Dupuy v. Samuels*, No. 1:97-cv-04199 (N.D. Ill. Dec. 15, 2006). Relevant here, pursuant to the agreed order, if during the DCFS investigation of abuse allegations by a child care worker, the alleged abuser is not provided the opportunity for an administrative teleconference prior to being indicated, then he or she may request a "14 day

review" of the investigation. Agreed Motion to Find Substantial Compliance at 4, *Dupuy v. McEwen*, No. 1:97-cv-04199 (N.D. Ill. Feb. 9, 2011).

¶ 24 The review must be conducted within 14 days from the date of the pre-hearing conference in which the appellant claims he or she is a child care worker, who was not afforded an administrative teleconference. *Id.* Any time expended for the 14-day review is attributed to the appellant and not to DCFS. *Id.*[1]

¶ 25             B. The Expedited Appeal Process

¶ 26 Yolanda argues that DCFS was required to issue a final decision on her expedited appeal within 35 days. At the May 16, 2016, prehearing conference, Yolanda requested a 14-day review because she was a child care worker and she did not receive an administrator's teleconference prior to the indicated finding. The review was to be completed by May 30, 2016. Although she acknowledges that the 14-day period for the review is attributable to her, she maintains that the request should not have resulted in forfeiture or conversion of her expedited appeal to a regular one.

¶ 27 There is no dispute over Yolanda's entitlement to a 14-day review. Where the parties disagree is on the effect of the request for the review. We agree with Yolanda that a request for a 14-day review should not void a request for an expedited appeal, nor did it. The request merely extended the timeline in which the final decision would become due.

¶ 28 On May 3, 2016, Yolanda requested an expedited appeal, which required that the Director's final decision be rendered within 35 days of her request, by June 6, 2016. By the time of the prehearing conference on May 16, 2016, 14 of the 35 days had passed, all of which were attributed to the Department. The next 14 days, however, from May 17 through May 30, were attributed to Yolanda, extending the 35-day final decision date to June 21, 2016. At this juncture, no action by either party had the effect of altering Yolanda's request for the expedited appeal.

¶ 29 On May 31, 2016, the parties convened and discussed a hearing date on the indicated finding of medical neglect. The Department offered June 15, 2016, as a first available hearing date, as well as June 16, 2016, and June 17, 2016. All three dates preceded the June 21, 2016, final decision date under the expedited appeal rules. However, Yolanda rejected those dates and instead, by agreement with DCFS, set a hearing on the July 1, 2016, a date well beyond the 35-day deadline. Under the Code, the 35-day time period for an expedited appeal excludes any time attributable to an appellant's request for a continuance or to any continuance or date set by the agreement of the parties. See 89 Ill. Adm. Code 300.160(c)(5)(A) (2005); see also 89 Ill. Adm. Code 336.150(c) (2017) ("[i]f a continuance is requested or agreed to by an appellant, the time period between the request for continuance and the continued hearing date shall not be considered a delay on the part of [DCFS] in *** implementing its final administrative decision"). We conclude that it was Yolanda's conduct that converted her expedited appeal to a

---

[1]In 2017, the 14-day review was codified at 89 Ill. Adm. Code 336.105(b)(1), added at 41 Ill. Reg. 15260 (eff. Dec. 6, 2017)). If a child care worker indicated for child abuse or neglect was not afforded an administrative teleconference, he or she may request a 14-day review. "The review must be conducted within 14 days from the date of the pre-hearing conference ***. Any time expended for the review process will be attributed to the appellant and not to the Department ***." *Id.*

regular appeal.

¶ 30                          C. The Regular Appeal Process

¶ 31    Yolanda claims that even if her appeal was converted to a regular appeal, the Department was nonetheless delinquent in issuing its final disposition. We disagree. By our count, the Director's final decision was issued well within the 90-day deadline. We repeat, from the date of Yolanda's request for an appeal on May 3, 2016, to the prehearing date on May 16, 2016, 14 days passed that are attributable to DCFS. However, the 14 days that passed between May 17, 2016, and May 31, 2016, for purposes of the 14-day review, are attributable to Yolanda. The May 30, 2016, Memorial Day holiday is not attributable to either party because it was a holiday. See 5 ILCS 70/1.11 (West 2016) (providing that holidays are excluded when computing time by which an act must be done). Additionally, the 30 days that passed between May 31, 2016, and up to the July 1, 2016, hearing are attributable to Yolanda because of the continuance agreed upon between her and DCFS. See 89 Ill. Adm. Code 336.150(c) (2017). The 61 days between the July 1, 2016, hearing and the August 30, 2016, final administrative decision, however, are attributable to DCFS. Ultimately, there were 75 countable days attributable to DCFS.

¶ 32    From the July 1 hearing date, DCFS had 76 of the 90 days remaining in which to issue its final decision, or until September 14, 2016. Therefore, the Director's decision issued on August 30, 2016, was well within the 90-day deadline for issuing the final administrative decision.

¶ 33    Yolanda places reliance on *Lyon*, 209 Ill. 2d 264, to support her contention that she is entitled to strict enforcement of the 35-day expedited appeal deadline. That reliance, however, is misplaced. In *Lyon*, our supreme court found that the Director of the DCFS missed the regulatory 90-day deadline. *Id.* at 276. In *Lyon*, after the hearing request by the plaintiff, the parties agreed to delay the hearing because of scheduling conflicts and the administrative law judge was involved in an automobile accident. *Id.* Because the plaintiff did not object to the continuances, the court declined to penalize DCFS. *Id.* Further, the court acknowledged that some delays were attributable to the plaintiff and those days would not be counted towards the 90-day deadline. *Id.* Nevertheless, excluding the delays attributable to the plaintiff, the court found that the Director of DCFS issued his decision 117 days after the hearing request, and thus missed the deadline by 27 days. *Id.*

¶ 34    Based upon our review of the record, we conclude that Yolanda's due process rights were not denied. Yolanda's agreement to a continuance converted her expedited appeal to a regular appeal. Further, the Director's decision was issued within the 90-day deadline for final administrative decision. Therefore, Yolanda is not entitled to expungement of the indicated finding as a matter of law.

¶ 35                          III. CONCLUSION

¶ 36    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County, affirming the Director's final administrative decision.

¶ 37    Affirmed.